IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH QUINN BARNARD, and          Civ. No. 06-6265-HO
JEANIE SENIOR,

                              ORDER

        Plaintiffs,

   v.

ADVANCE PENSION PLAN, et al.,

        Defendants.

## Background

Plaintiffs, former regional correspondents of The Oregonian newspaper, filed this action for employee benefit plan benefits pursuant to the civil enforcement provisions of the Employee Retirement Income Security Act (ERISA).  The Oregonian and plaintiffs agreed that plaintiffs were independent contractors and would not be treated as employees for any purpose, including employee benefits.  Notwithstanding, this court held that plaintiff Elizabeth Barnard was an employee of The Oregonian within the meaning of ERISA and traditional agency law, written agreements designating Barnard as an independent contractor were

not waivers of ERISA plan benefits, and Barnard was not ineligible for eight of ten employee benefit plans for the reasons asserted by defendants.  Order dated November 4, 2008 at 2-3.  Following these rulings, Barnard filed a motion for summary judgment on the issue of damages, plaintiff Jeanie Senior filed a motion for summary judgment, and defendants filed a motion for summary judgment on Senior's claim and motions to strike declarations submitted by Barnard.

The issue of Barnard's damages is inappropriate for resolution on summary judgment due to disputed issues of material fact, ongoing discovery related to Barnard's damages (see order dated April 6, 2009) and defendants' need for an opportunity to cross examine Barnard's actuary.  Barnard's motion for summary judgment is therefore denied and defendants' motions to strike are denied as moot.  Senior's claim is time-barred, as explained below.  Therefore, Senior's motion for summary judgment is denied and defendants' motion for summary judgment on Senior's claim is granted.

<u>Motions for Summary Judgment</u>

    The judgment sought should be rendered if the
    pleadings, the discovery and disclosure materials on
    file, and any affidavits show that there is no genuine
    issue as to any material fact and that the movant is
    entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

I.  <u>Undisputed Facts</u>

2 - ORDER

Senior worked as a regional correspondent for The Oregonian from 1977 until June 2000.  The Oregonian always treated her as an independent contractor without any right to employee benefits, as it did all its regional correspondents.  Senior understood that all the regional correspondents operated under essentially the same arrangements as she did, with all of them treated by The Oregonian as independent contractors for the purposes of benefits.  Senior and The Oregonian entered into written regional correspondent agreements of limited duration beginning in 1986. The form of agreement utilized from 1986 through 1996 states,

> It is understood that Correspondent is an independent
> contractor and will not be treated as an employee of
> The Oregonian for any purpose, including but not
> limited to the Federal Insurance Contributions Act, the
> Social Security Act, Federal Unemployment Tax Act, and
> Income Tax Withholding at the source.  The Oregonian
> has no responsibility to provide Correspondent with any
> equipment, secretarial services, supplies, or licensing
> fees. . .

Senior Decl., ex. A . at 37.  The form utilized from 1997 through 2000 adds "The Oregonian's employee benefits" to the list of purposes for which the correspondent will not be treated as an employee of The Oregonian.  Id. at 41.

Barnard and The Oregonian entered into several regional correspondent agreements between March 1, 1999 and March 31, 2005.  These agreements also specify that Correspondent is an independent contractor and will not be treated as an employee of The Oregonian for any purpose, including but not limited to the

3 - ORDER

purposes specified in the preceding paragraph.

The Oregonian has paid unemployment taxes for its regional correspondents since the state conducted an audit in 1988.  The Oregonian did not inform plaintiffs of this fact.

After their tenures as regional correspondents, plaintiffs applied for benefits under The Oregonian's employee benefits plans.  The administrator denied plaintiffs' applications initially, and on review.

II. <u>Statute of Limitations</u>

As the parties agree, a six-year limitations period applies to plaintiffs' ERISA claims.  <u>Chuck v. Hewlett Packard Co.</u>, 455 F.3d 1026, 1031 (9th Cir. 2006).  The parties dispute when plaintiffs' claims accrued.  Plaintiffs contend that their claims accrued when the administrator denied their applications for benefits, or when in 2005 Barnard learned from the State of Oregon that The Oregonian had paid unemployment insurance taxes based on her work.[1]  Consistent with the majority of the district courts to have considered the issue, this court agrees with defendants that the claims for ERISA plan benefits of a worker classified as an independent contractor accrue when the worker first learns she is not entitled to benefits as a result of the classification.  <u>Keen v. Lockheed Martin Corp.</u>, 486 F. Supp. 2d 481, 488, n.8 (E.D. Pa. 2007); <u>Muller v. Am. Mgmt. Ass'n Int'l</u>,

---

[1]Barnard provided Senior with this information in 2005.

368 F. Supp. 2d 1166, 1172-73 (D.Kan. 2004); Brennan v. Metropolitan Life Ins. Co., 275 F. Supp. 2d 406, 409-10 (S.D.N.Y. 2003); Bolduc v. National Semiconductor Corp., 35 F.Supp 2d 106, 120 (D.Me. 1998); but see Thomas v. SmithKline Beecham, Corp., 297 F. Supp. 2d 773 (E.D. Pa. 2003).

Plaintiffs argue that the limitations defense should be equitably modified because The Oregonian concealed their status as employees by designating them as independent contractors in the regional correspondent agreements when they were actually employees, and by failing to disclose that it paid unemployment insurance taxes based on the work of regional correspondents. Plaintiffs may not have known whether their work arrangements satisfied the traditional agency law test for employment, but they knew the operative facts about their claims at the times they agreed to work as regional correspondents for The Oregonian. They knew The Oregonian classified them as independent contractors with no entitlement to employee benefits and they knew the circumstances under which they would work. Plaintiffs are not entitled to equitable modification of the limitations defense.

The Oregonian always treated Senior as an independent contractor not entitled to benefits, and Senior last executed a written correspondent agreement more than six years before she filed the complaint. Senior's claim therefore accrued outside

5 - ORDER

the limitations period and is time-barred.  Barnard's claim

accrued when she first executed a regional correspondent

agreement within the limitations period.  Barnard's claims is

thus not time-barred.

Conclusion

Based on the foregoing, defendants' motion for summary

judgment on plaintiff Senior's claim [#88] is granted; plaintiff

Barnard's motion for summary judgment on the issue of damages

[#92] is denied; plaintiff Senior's motion for summary judgment

[#98] is denied; and defendants' motions to strike [##115 & 145]

are denied as moot.

SO ORDERED.

DATED this  25th  day of April, 2009.


                                    s/ Michael R. Hogan
                                United States District Judge